UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND *et al.*, | : : : : : | | |
| Plaintiffs, | : : | Civil Action No.: | 10-0493 (RMU) |
| v. | : : | Re Document No.: | 11 |
| MIKE NELSON COMPANY, INC., | : : | | |
| Defendant.[1] | : | | |

# MEMORANDUM OPINION

**DENYING WITHOUT PREJUDICE THE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

## I. INTRODUCTION

This matter comes before the court on the plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). The plaintiffs, the International Painters and Allied Trades Industry Pension Fund ("the Pension Fund") and Gary J. Meyers, a fiduciary of the Pension Fund, allege that the defendant failed to make contributions to employee benefit funds in violation of a collective bargaining agreement ("CBA") and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145. The defendant, though properly served, has not responded to the complaint. Accordingly, the plaintiffs now seek entry of default judgment and request monetary damages. Because the plaintiffs' have not established the

---

[1] The plaintiffs originally also brought suit against Floyd Michael Nelson, the owner of Mike Nelson Company, Inc., but have since voluntarily dismissed the claims against him. *See* Notice of Voluntary Dismissal (Aug. 19, 2010).

1

defendant's liability for the entire time period at issue, the court denies without prejudice the plaintiffs' motion for default judgment.

## II.  FACTUAL & PROCEDURAL BACKGROUND

On August 20, 2008, the defendant entered into a CBA with the International Union of Painters and Allied Trades, AFL-CIO ("the Union"), effective until June 30, 2011.  Compl., Ex. 1.  Pursuant to the CBA, the defendant is required to submit timely reports and contribution payments to the Pension Fund on behalf of the employees covered by the agreement.  Pl.'s Mot., Ex. 1, Montemore Decl. ¶ 6.

In March 2010, the plaintiffs commenced this action to recover delinquent contribution payments and other additional relief available under the ERISA.  Compl. at 5.  The plaintiffs served the defendant with the summons and complaint on April 14, 2010.  *See generally* Return of Service (May 18, 2010).

At some point after filing their complaint, the plaintiffs conducted an audit of the defendant for the time period of January 2007 through June 2010.  Pls.' Mot., Montemore Decl. ¶ 7.  According to the plaintiffs, this audit and the available reports submitted by the defendant show that the defendant failed to make the required contributions to the Pension Fund during the January 2007 through June 2010 time period and owes $4,640.31 in contribution payments.  *Id.* ¶¶ 7-8.

After the defendant failed to respond to the complaint, the plaintiffs requested an entry of default on May 20, 2010, serving the defendant with a copy of their declaration in support of default.  *See* Decl. in Supp. for Default at 3.  On May 21, 2010, the Clerk of the Court entered the

default, *see generally* Entry of Default, and shortly thereafter, the plaintiffs filed this motion pursuant to Federal Rule of Civil Procedure 55(b)(2),[2] which they also served on the defendant, *see* Pl.'s Mot. at 7. Through the motion, the plaintiffs seek an order awarding them a total of $12,361.81 for delinquent contribution payments, interest, liquidated damages and legal fees and costs. *Id*. at 21. The court turns now to the applicable legal standard and the plaintiffs' requests for relief.

### III. ANALYSIS

#### A. Legal Standard for Entry of Default Judgment Under Rule 55(b)(2)

A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics. *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a). Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs. *Id.* 55(b)(2). Because courts

---

[2] Rule 55 specifies a two-step process for a party seeking to obtain a default judgment. First, the plaintiff must request that the Clerk of the Court enter a default against the party who has "failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Second, if the plaintiff's claim is not for a "sum certain," the party must apply to the court for an entry of default judgment. *Id.* 55(b)(2). This two-step process gives a defendant an opportunity to move to set aside a default before the court enters judgment. *Id.* 55(c); *see also H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.D.C. 1970) (stating that "[t]he notice requirement contained in Rule 55(b)(2) is . . . a device intended to protect those parties who, although delaying in a formal sense by failing to file pleadings . . . have otherwise indicated to the moving party a clear purpose to defend the suit").

strongly favor resolution of disputes on their merits, and because "it seems inherently unfair" to use the court's power to enter judgment as a penalty for filing delays, modern courts do not favor default judgments. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, default judgment usually is available "only when the adversary process has been halted because of an essentially unresponsive party . . . [as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Id*. at 836 (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001); *Avianca, Inc. v. Corriea*, 1992 WL 102999, at *1 (D.D.C. Apr. 13, 1992); *see also Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 65 (2d Cir. 1986) (noting that "default concludes the liability phase of the trial"). Default does not, however, establish liability for the amount of damage that the plaintiff claims. *Shepherd v. Am. Broad. Cos., Inc.*, 862 F. Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995). Instead, "unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins*, 180 F. Supp. 2d at 17; *see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (stating that the court must conduct an inquiry to ascertain the amount of damages with reasonable certainty). The court has considerable latitude in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). To fix the amount, the court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages

specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

**B. The Court Denies Without Prejudice the Plaintiffs' Motion for Default Judgment**

As noted, default judgment is appropriate when an unresponsive party has halted the adversary process. *H. F. Livermore Corp.*, 432 F.2d at 691. The plaintiffs served the defendant with the complaint on April 14, 2010. *See generally* Return of Service (May 18, 2010). Since that date, the defendant has failed to plead or otherwise defend itself in this action. Moreover, the defendant has not responded to the plaintiffs' request for default or to their motion for default judgment. Given the defendant's unresponsiveness, the entry of default is appropriate. *See Fanning v. Permanent Solution Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C. 2009) (concluding that the defendant was liable to the plaintiff because the defendant had failed to respond to the complaint or otherwise defend itself); *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (entering a default judgment because of the defendant's failure to request that the court set aside the default or suggest that it had a meritorious defense).

As a result of the entry of default, the court construes all *well-pleaded* allegations as admitted. *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (emphasis added) (citing *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971), *rev'd on other grounds,* 409 U.S. 363 (1973)); *accord Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). In their complaint, the plaintiffs allege that the defendant violated the CBA and ERISA by failing to make monthly contributions to the Pension Fund and indicate that an audit is required to determine "the precise nature, extent and amount of

5

the [defendant's] delinquency." *See* Compl. ¶ 21. The plaintiffs conducted such an audit following the filing of their complaint, ultimately concluding that the defendant should be held liable for $4,640.31, the amount of unpaid contributions for the time period of January 2007 through June 2010. *See id*. ¶ 28; Pls.' Mot at 21 . Thus, the plaintiffs ask that the court enter default judgment holding the defendant liable for this amount as well as for any corresponding interest, liquidated damages, legal fees and costs. Pls.' Mot. at 2.

Although the plaintiffs' motion for default judgment requests an award for contribution payments due during the period from January 2007 through June 2010, the plaintiffs' complaint alleges only that the defendant was bound under the CBA beginning in August 2008. *See* Pls.' Mot., Ex. 1; Compl. ¶ 11. Indeed, the plaintiffs offer no evidence demonstrating that the defendant was required to make contributions to the Pension Fund on the plaintiffs' behalf from January 2007 through July 2008. Because the plaintiffs have not sufficiently alleged in their pleadings that the defendant was required to provide contribution payments for the period from January 2007 through July 2008, the court declines at this juncture to hold the defendant liable for delinquent payments for that period. *See Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009) (affirming the district court's denial of the plaintiffs' motion for default judgment in an ERISA case because the plaintiffs had not sufficiently alleged that the defendant owed the plaintiffs a fiduciary duty).

While the plaintiffs' well-pleaded assertions are sufficient to hold the defendant liable for the August 2008 through June 2010 time period, the award calculations provided by the plaintiffs do not allow the court to determine what proportion of the requested delinquent contribution amount derives from the January 2007 - July 2008 period, for which the defendant has not been

held liable. Accordingly, the court is unable to rule on the plaintiffs' motion at this time and denies without prejudice the plaintiff's motion for default judgment.

## IV. CONCLUSION

For the foregoing reasons, the court denies without prejudice the plaintiffs' motion for default judgment. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 22nd day of February, 2011.

RICARDO M. URBINA
United States District Judge